UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RESMED CORP., | ) | CASE NO. 1:23-CV-2221 |
| Plaintiff, | ) ) | JUDGE BRIDGET MEEHAN BRENNAN |
| v. | ) ) | |
| CLEVELAND MEDICAL DEVICES, INC., | ) ) ) | **ORDER** |
| Defendant. | ) ) | |

Before the Court is Plaintiff ResMed Corp.'s ("ResMed") motion to stay. (Doc. 99.) Defendant Cleveland Medical Devices, Inc. ("CleveMed") filed an opposition (Doc. 100), and ResMed filed a reply (Doc. 101). For the reasons below, the motion is GRANTED.[1]

**I.      Background**

This patent litigation began in March 2023. (Doc. 1.) The parties engaged in preliminary motion practice and mediation while working towards claims construction briefing. As it currently stands, the parties have submitted opening and responsive claims construction briefing (Docs. 93, 94, 96, 97), and the *Markman* hearing—originally scheduled for November 12, 2024 but twice delayed—is scheduled for March 19, 2025 (12/13/2024 Non-document Order).

On January 10, 2025, ResMed moved to stay this matter pending resolution of all proceedings before the United States Patent and Trade Office ("USPTO"). (Doc. 99.) ResMed argues the Court should stay the litigation pending final resolution of the *inter partes* review

---

[1] Also before the Court is CleveMed's motion to strike affirmative defenses (Doc. 77) and ResMed's motion for oral argument on this motion to stay (Doc. 103). Because the Court grants the motion to stay, CleveMed's motion to strike affirmative defenses is HELD IN ABEYANCE. Further, the motion for oral argument on this motion to stay is DENIED as moot. In light of the stay, the claims construction hearing set for March 19, 2025 is CANCELED.

("IPR") and *ex parte* reexamination ("EPR") proceedings before the USPTO.  The IPR and EPR processes are two-staged: a preliminary stage where the USPTO decides whether to institute an IPR or EPR; and a reexamination stage where the USPTO makes final determinations regarding the patents.  (Doc. 99-1 at 7659–60.)

In this case, ResMed filed EPR and IPR petitions with the USPTO challenging all asserted claims in this case.  (*Id.* at 7658.)  In October 2024, ResMed filed two EPR petitions with the USPTO.  (*Id.* at 7661–62.)  In November and December 2024, the USPTO granted ResMed's reexamination review request.  (*Id.* at 7662.)  Reexamination is pending.  ResMed also filed IPR petitions.  (*Id.*)  As of the filing of the motion to stay, IPR petitions were pending on all six asserted patents in this case.  (*Id.*)  The IPR petitions are now under preliminary review by the USPTO.  (*Id.*)  Decisions are expected in June and July 2025 regarding reexamination.  (*Id.*)  If the USPTO granted reexamination, a final decision is expected in June and July 2026.  Therefore, if granted, a stay would pause this case until the resolution of the EPR petitions, and at least until the USTPO makes a reexamination determination regarding the IPR petitions (and if necessary, the full reexamination).

## II.     Legal Standard

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." *Allied & Eng'g Corp. v. Competitive Carbide, Inc.*, No. 11-cv-2712, 2013 WL 5566158, 2013 U.S. Dist. LEXIS 145437, at *3 (N.D. Ohio Oct. 8, 2013) (quoting *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988)).  "When determining whether to grant a motion to stay pending patent reexamination courts commonly consider three factors." *Automated Packaging Sys., Inc. v. Free-Flow Packaging Int'l, Inc.*, No. 14-cv-2022, 2016 WL 9782345, 2016 U.S. Dist. LEXIS 194647, at *2

(N.D. Ohio Apr. 15, 2016) (citation omitted). These factors are: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issue in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *Id.*; *see also Sherwood Sensing Sols., LLC v. Henny Penny Corp.*, No. 19-cv-366, 2020 WL 6818806, 2020 U.S. Dist. LEXIS 75319, at *1 (S.D. Ohio Apr. 28, 2020) (citation omitted); *Intell. Ventures II LLC v. Huntington Bancshares Inc.*, No. 13-cv-00785, 2014 WL 2589420, 2014 U.S. Dist. LEXIS 78753, at *6–7 (S.D. Ohio June 10, 2014).[2]

"[M]any courts have recognized that there is a liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination . . . proceedings." *Allied & Eng'g Corp.*, 2013 WL 5566158, 2013 U.S. Dist. LEXIS 145437, at *3 (citation omitted). At the same time, a district court must "tread carefully in granting a stay of proceedings, since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Env't Council v. United States Dist. Court, S. Dist., etc.*, 565 F.2d 393, 396 (6th Cir. 1977).

### III. Analysis

The Court considers each stay factor in turn.

#### A. Status of Discovery and Trial Date

The first factor considers whether the case is "still in its early stages." *Sherwood Sensing*, 2020 WL 6818806, 2020 U.S. Dist. LEXIS 75319, at *3. Here, it is undisputed discovery is not yet complete and the Court has not set a trial date. True discovery is underway

---

[2] CleveMed cites the general stay standard in its opposition. (Doc. 100 at 7806.) However, courts in this district apply the patent-specific test outlined above. While some of the traditional stay factors overlap with the more specific stay considerations in patent litigation, the Court will focus its inquiry on the three-factor test overwhelmingly used by courts in this district.

and the parties have expended significant resources litigating this case. But no depositions have been taken, no dispositive motions have been filed, and all key discovery deadlines are still far out. *Automated Packaging Sys.*, 2016 WL 9782345, 2016 U.S. Dist. LEXIS 194647, at *19–20 (granting stay where "[d]iscovery is not complete in this case, no depositions have been taken, no dispositive motions have been filed, and no trial date has been set."). While the parties have submitted *Markman* briefing, the Court has not yet held the *Markman* hearing. Courts have routinely stayed cases where the court has yet to hold a *Markman* hearing. *See, e.g.*, *Horizon Glob. Ams., Inc. v. N. Stamping, Inc.*, No. 20-cv-310, 2021 WL 12303268, 2021 U.S. Dist. LEXIS 272737, at *6–7 (N.D. Ohio Dec. 6, 2021) (finding first factor weighed in favor of stay where "claim construction briefing is complete, [but] the Court has not yet scheduled a *Markman* hearing"). And courts have stayed cases even after claims construction is complete. *See Allied Erecting & Dismantling Co., Inc. v. Genesis Equip. & Mfg., Inc.*, No. 08-cv-589, 2010 WL 3239001, 2010 U.S. Dist. LEXIS 92851, at *10 (N.D. Ohio Aug. 16, 2010) (finding first factor weighed in favor of stay because "[a]lthough claim construction has been completed, no trial date has been set.").

CleveMed has not cited cases that persuasively hold otherwise. *See, e.g.*, *Controls Se. Inc. v. Qmax Indus., Inc.*, No. 16-cv-230 (W.D.N.C. Mar. 11, 2017) (out-of-circuit non-document minute order denying stay where *Markman* hearing was upcoming but providing no analysis).

This factor favors granting a stay.

B. **Simplification of Issues**

The second factor considers whether the USPTO proceedings will simplify the issues before the court. "When a claim is cancelled as a result of reexamination, there is no need to try

the issue, thus simplifying litigation.  When claims survive reexamination, the expert view of the PTO can assist the court in determining patent validity, thus simplifying trial." *Allied Erecting & Dismantling Co.*, 2010 WL 3239001, 2010 U.S. Dist. LEXIS 92851, at *9 (quoting *01 Communique Lab., Inc. v. Citrix Sys., Inc.*, No. 06-cv-0253, 2008 WL 696888, 2008 U.S. Dist. LEXIS 19241, at *2 (N.D. Ohio Mar. 12, 2008)).

CleveMed argues a stay would not simplify the issues at this stage.  Mainly, CleveMed argues it is still speculative whether the USPTO will even grant review since the IPR petitions are still in the preliminary stage. (Doc. 100 at 7812.)  Courts have denied motions to stay where the petition is in the preliminary stage. *See, e.g.*, *Freeny v. Apple Inc.*, No. 13-cv-361, 2014 WL 3611948, 2014 U.S. Dist. LEXIS 99595, at *9 (E.D. Tex. July 22, 2014) ("the 'simplification' issue does not cut in favor of granting a stay prior to the time the PTAB decides whether to grant the petition for *inter partes* review").

That said, here, the USPTO has granted EPR petitions on patents involved in this case.  And the vast weight of authority from district courts in this circuit find even where an IPR petition is pending review, a stay can be warranted.  *See Horizon Glob. Ams.*, 2021 WL 12303268, 2021 U.S. Dist. LEXIS 272737, at *9–10 (granting motion to stay "although [movant] has only petitioned for IPR" because "a possible review of that [p]atent by the PTAB has the potential to simplify the issues in this case"); *Noco Co. v. Shenzhen Lianfa Tong Tech. Co.*, No. 19-cv-1855, 2020 WL 13929894, 2020 U.S. Dist. LEXIS 273274, at *7 (N.D. Ohio Nov. 13, 2020) (granting motion to stay because "if the USPTO accepts one or both of the Petitioners for *Inter Partes* Review" the issues in the case will be simplified).

CleveMed also argues the EPR and IPR petitions, even if instituted, would not materially affect the litigation.  ResMed, however, identifies significant overlap between the issues

presented in the petitions and the case before the Court.  (Doc. 101 at 7923.)  And courts have recognized "an [*inter partes*] review need not dispose of a case completely to simplify the issues of a case."  *Serv. Sols. U.S. LLC v. Autel. US Inc.*, No. 13-10534, 2015 WL 401009, 2015 U.S. Dist. LEXIS 9582, at *7 (E.D. Mich. Jan. 28, 2015) (citing *Donnelly Corp. v. Guardian Indus. Corp.*, No 05-74444, 2007 WL 3104794, 2007 U.S. Dist. LEXIS 78055, at *4 (E.D. Mich. Oct. 22, 2007)).

This factor supports a stay.

### C. Prejudice

The third factor considers whether prejudice results from the stay.  "In examining whether a party will suffer undue prejudice or a clear tactical disadvantage, courts look to four sub-factors: (1) the timing of the request for IPR; (2) the timing of the request for stay; (3) the status of the IPR proceedings; and (4) the relationship of the parties."  *Horizon Glob. Ams.*, 2021 WL 12303268, 2021 U.S. Dist. LEXIS 272737, at *12 (quoting *Becon Med., Ltd. v. Bartlett*, No. 18-4169, 2019 WL 6910130, 2019 U.S. Dist. LEXIS 218336, at *1 (E.D. Pa. Dec. 18, 2019)).  After consideration of the subfactors, the Court finds a stay does not cause undue prejudice or creates a clear tactical disadvantage.

#### 1. Timing of the Request for IPR

CleveMed argues a stay would cause prejudice and give ResMed an unfair advantage.  (Doc. 100 at 7806.)  CleveMed makes much of ResMed's alleged delay tactics, including the filing of IPR petitions near or on the last possible day allowed.  (*Id.* at 7806–07.)  Still, as ResMed points out, it has filed all petitions within the time required by statute.  (Doc. 101 at 7925.)  As courts have found, the time of the filings does not suggest delay simply because ResMed waited to file its petitions the day before the time expired.  *See Horizon Glob. Ams.*,

2021 WL 12303268, 2021 U.S. Dist. LEXIS 272737, at *14 ("where a petition for IPR was filed by a party on the last possible day, courts have not necessarily found this to be a prejudicial tactical advantage") (collecting cases).  The Court does not find the timing of ResMed's filings suggests it is using delay tactics.  *See Masimo Corp. v. Sotera Wireless*, No. 19-cv-01100, 2021 WL 321481, 2021 U.S. Dist. LEXIS 18691, at *11 (S.D. Cal. Feb. 1, 2021) ("Because [Defendant] was statutorily entitled to file its IPR petitions at any point within the one-year limitations period, the Court does not find that its decision to do so at the close of that period demonstrates undue delay.").  The timing of the request favors a stay.

### 2. Timing of the Request for Stay

ResMed moved to stay shortly after filing the EPR and IPR petitions with the USPTO.  The EPR petitions were filed in October 2024.  The IPR petitions were filed on November 15, 2024, December 6, 2024, and finally on January 10, 2025.  ResMed filed the instant motion to stay on the same day as the last IPR petition filing, January 10, 2025.  At most, ResMed waited two months to file the motion to stay from the first IPR petition filing.  But the stay was filed on January 10, 2025, the same day as the last IPR petition filing, which meant all asserted claims in this case were covered by petitions.  Nothing in the record supports ResMed strategically delayed the motion to stay unnecessarily.  *See Automated Packaging Sys.*, 2016 WL 9782345, 2016 U.S. Dist. LEXIS 194647, at *4 ("the fact that [Plaintiff] waited sixteen days after Defendant filed the last IPR to move for a stay does not demonstrate deliberate delay tactics, as apparently suggested by Defendant").  This subfactor favors a stay.

### 3. Status of IPR Proceedings

Based on the timing of the filings of the IPR petitions, the preliminary decision is expected in June and July 2025.  Accordingly, if the IPR petitions are denied, a stay will delay

these proceedings by a few months.  If accepted, final decisions are expected in June and July 2026.  These dates do not cause unnecessary delay, particularly considering the simplification of the issues the processes might bring.  This subfactor favors a stay.

### 4. Relationship of the Parties

CleveMed argues CleveMed and ResMed are competitors, and therefore, a delay may give ResMed an advantage in the marketplace.  (Doc. 100 at 7808.)  Courts appear more readily willing to deny motions to stay where parties are direct competitors.  *Everlight Elecs. Co. v. Nichia Corp.*, No. 12-cv-11758, 2013 WL 1821512, 2013 U.S. Dist. LEXIS 61666, at *8 (E.D. Mich. Apr. 30, 2013) (courts "routinely deny requests for stay during the pendency of [US]PTO proceedings where the parties are direct competitors.") (collecting cases).  But that is not a brightline rule.  *See Automated Packaging Sys.*, 2016 WL 9782345, 2016 U.S. Dist. LEXIS 194647, at *4 (granting stay even after identifying litigants as direct competitors).

ResMed argues it does not directly compete with CleveMed.  (Doc. 99-1 at 7669.)  CleveMed generally asserts that the two are "participants in the same market." (Doc. 100 at 7808.)  But CleveMed also admits it "does not currently practice the technology" in the Asserted Patent.  Thus, it is not altogether clear the parties here are "direct competitors" in the way that would counsel against a stay.  "Participating" in the same market may not create the same harm that direct competitors would.  This subfactor therefore does not cut against a stay.

### D. Parallel Proceeding

In addition to the above factors, the parties discuss a related case before the District of Delaware which issued a stay pending IPR review.  *See Cleveland Med. Dev. Inc. v. ResMed Inc.*, No. 22-cv-794 (D. Del.) (non-document Oral Order granting motion to stay).  The district court there issued a stay in June 2024 because of IPR proceedings instituted by ResMed.  In that

case, the USPTO decided to hear the petition and order a final ruling on the merits. As CleveMed argues here, the USPTO has not yet decided, and will not likely decide, until summer 2025 to undertake a full review. But for the reasons explained above, courts do institute stays before the initial USPTO decision. So, while this is a distinguishing factor here, it does not require denying the motion to stay.

## IV. Conclusion

For the reasons above, ResMed's motion to stay is GRANTED. This matter is STAYED pending the conclusion of all USPTO proceedings related to the asserted patents. The parties are ORDERED to provide the Court with a joint status report within five (5) business days of the conclusion of the USPTO proceedings. Failure to comply with this order may result in dismissal.

**IT IS SO ORDERED.**

Date:  March 7, 2025

BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE